IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DONALD BARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-3149-CV-S-ODS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS**

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability benefits. The Commissioner's decision is affirmed.

I. BACKGROUND

The issues raised in this case make it unnecessary to chronicle the entirety of Plaintiff's medical history. Plaintiff does not challenge the ALJ's findings regarding his medical history, limitations, or residual functional capacity. Plaintiff's only argument is that the ALJ erred in finding Plaintiff's residual functional capacity ("RFC") allowed Plaintiff to perform his past work as an auto detailer. The following summary will suffice.

Plaintiff was born in December 1952 and completed the eighth grade; he alleged he became disabled on November 1, 2009, due to a combination of diabetes, hypertension, a history of nasal polyps, and pain in his upper arm and leg. His application sought disability benefits pursuant to Title II, and his insured status under this program expired on June 30, 2012. The ALJ found, *inter alia*, that there was no basis for finding Plaintiff suffered from pain or limitations in his upper and lower extremities, and as stated Plaintiff does not appeal this ruling. This is particularly

significant given Plaintiff's testimony that the reason he could not return to his past work was because of his leg and arm. R. at 30. The ALJ's unchallenged finding that Plaintiff's leg and arm did not limit him severely undercuts Plaintiff's claim. The ALJ also found Plaintiff retains the RFC to perform light work except he is limited to occasional kneeling and frequent crouching, reaching and stooping; again, Plaintiff does not appeal this ruling.

Plaintiff testified that his duties required him to get into cars while carrying cleaning equipment. R. at 31-32. He was also sometimes required to use a high-pressure hose. R. at 33-34. The Record also includes forms completed by Plaintiff that documented his duties as an auto detailer. R. at 143-44. These forms reflect that during a typical day Plaintiff had to walk, stand, sit, stoop, kneel, crouch and reach – but do not reflect the frequency or amount of time these tasks had to be performed.

A vocational expert ("VE") testified (very briefly) and submitted a work summary. The combination of the VE's testimony and her work summary establish that Plaintiff's job as a detailer is normally performed at the medium level of exertion but was actually performed by Plaintiff at the light level of exertion. His duties required occasional kneeling and frequent stooping, reaching, crouching, and handling. R. at 35-36, 189. Based on the comparison of Plaintiff's RFC to the VE's testimony, the ALJ found Plaintiff was not disabled because he could perform his past work as an auto detailer as he actually performed the job.

## II. DISCUSSION

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v.

2

Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010).

Plaintiff's argument distills to the following: (1) Plaintiff's RFC includes limitations on his ability to kneel, crouch, reach and stoop; (2) his detailing job required kneeling, crouching, reaching and stooping; therefore (3) Plaintiff cannot work as a car detailer. Plaintiff's argument invites the Court to engage in fact-finding to determine (or "re-determine") whether Plaintiff can engage in enough kneeling, crouching, reaching and stopping to perform his past work, but this is not the Court's role. This is the ALJ's role, and the ALJ determined Plaintiff's limitations do not preclude him from performing his past work. The mere fact that Plaintiff has some limitations in these functions does not mean he lacks the RFC to perform these functions sufficiently for the job.

Plaintiff's written description of his job duties does not undermine the ALJ's decision. The forms indicate he spent the entirety of each day engaged in some combination of walking, standing, sitting, stooping, kneeling, crouching, handling/grasping, and reaching, but he obviously did not spend the entirety of each day doing all of them and nothing in the Record suggests the exertional demands of Plaintiff's job exceed his RFC. The ALJ could have elicited more information from the VE, but the Court concludes the Record nonetheless contains substantial evidence supporting the ALJ's ultimate conclusion.[1]

### III. CONCLUSION

The Commissioner's final decision is affirmed.
IT IS SO ORDERED.

                                                  /s/ Ortrie D. Smith
                                                  ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 28, 2014               UNITED STATES DISTRICT COURT

---

[1] As an aside, the Court observes that even if Plaintiff could not perform his past job, his RFC – which stands unchallenged – would almost certainly permit him to perform other work in the national economy.